**In re Richard E. BUCKLEY, Petitioner.**

**No. MISC 750.**

United States Court of Appeals, Federal Circuit.

Feb. 2, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.

*ORDER*

LINN, Circuit Judge.

Richard E. Buckley petitions for a writ of mandamus to direct the Merit Systems Protection Board to docket his "whistle-blowing" appeal and stay his removal. The Board and the Social Security Administration oppose.* Buckley replies.

Buckley filed an appeal at the Board challenging his removal and subsequently submitted another document challenging the removal, inter alia, as retaliation in response to whistleblowing. Buckley also filed at the Board a motion for a stay of his removal. The administrative judge (AJ) declined to file the document related to whistleblowing as a new appeal but stated that she would consider the appropriate issues within Buckley's previously filed appeal of the removal. The AJ denied Buckley's request for a stay as untimely. Buckley petitions for a writ of mandamus, seeking review of the AJ's determinations.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

---

* The respondents' motions for extensions of time to file their responses are granted. SSA also submits supplemental authority regarding Buckley's Board case.

Here, Buckley has not met his burden of showing a "clear and indisputable" right to the relief he seeks. Buckley has not shown clearly and indisputably that the AJ was required to docket the whistleblowing allegations as a new appeal instead of considering the issues within the context of Buckley's removal appeal. Concerning the request for a stay, Buckley did not follow the proper course for obtaining review of such a ruling, and Buckley has not clearly and indisputably shown that the AJ's determination concerning timeliness of the request was in error.

Nor has Buckley shown that he has no other means to obtain the relief he desires regarding the treatment of his document raising whistleblowing allegations. Buckley has not shown that he cannot seek review of the AJ's ruling by way of the regular appellate course after the issuance of a final decision or order. We note that the AJ's decision recently issued. Buckley may make any relevant arguments in any subsequent petition for review.

Accordingly,

IT IS ORDERED THAT:

Buckley's petition for a writ of mandamus is denied.